**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**Blockchain Tek, LLC,**

Plaintiff,

**vs.**

**Wattum Management, Inc.**

Defendant.

**No. ________________________**

**COMPLAINT AND APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

**NOW COMES THE PLAINTIFF** by and through undersigned counsel who does pray of the Court for an Order temporarily restraining the Defendant from seizing property and equipment, halting the usage of utilities or otherwise interfering in the regular operation and management of the business as defined to be of interest between the parties pursuant to a contractual relationship as established by and between the parties. That in support of the petition it is respectfully stated as follows:

1. Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00; and,
2. Jurisdiction is properly vested in this Court pursuant to 28 U.S.C.A. § 1332;
3. On the 4th day of November 2020 an Agreement for the Sale of Equipment was entered into by and between the parties for the purpose of establishing a

computer datacenter located west of the intersection of U.S. Highway 64 and U.S. Highway 491 within the vicinity of Shiprock, New Mexico (the "Sale Agreement", attached Exhibit "A"); and,

4. The same parties entered into a "Co-Location Master Services Agreement," effective as of November 5, 2020 (the "Co-Location Agreement", attached Exhibit "B"); and,

5. Under the Co-Location Agreement, Defendant was to provide certain management and equipment hosting services to Plaintiff; and,

6. The Plaintiff did tender $171,270.00 USD to the Defendant in good faith and clean hands with the intention that thereafter the Defendant provide hosting and management services in the operation of the datacenter; and,

7. Upon delivery and installation of the computer equipment by the Defendant for the datacenter, Defendant reported to Plaintiff that approximately 147 of the 495 units were defective with faulty components thereby negating the effective capacity of the datacenter to run at full capacity and profitability; and,

8. Pursuant to the Sale Agreement, Defendant and Plaintiff agreed to the following warranty language: "Seller warrants that the Goods are as described in this Agreement, but no other express warranty is made with respect to the Goods", and the agreement further states that, other than the above warranty, the goods were sold "as is"; and,

9. Further, pursuant to the Sale Agreement, Plaintiff is entitled to either (i) a credit for defective equipment in the amount set forth in the Sales Agreement, or (ii) replacement of such defective equipment by Defendant at Defendant's cost; and,

10. Defendant has refused to pay the credit for the defective equipment or to replace the defective equipment as required by the Sale Agreement; and,

11. Pursuant to the Co-Location Agreement, Plaintiff prepaid to Defendant the sum of $41,088 for management Services and co-location services; and,

12. Defendant submitted an invoice to Plaintiff on December 9, 2020 for $19,399.10 for management and co-location services, which invoice did not reflect the $41,088.00 prepayment by Plaintiff for such services; and,

13. Under paragraph 3.4 of Co-Location Agreement, an invoice is due thirty days after it is submitted by Defendant; and,

14. Notwithstanding the fact that thirty days has not passed since the invoice was tendered, Defendant has declared a default in bad faith and has threatened to seize all of Plaintiff's equipment; and,

15. On the 18th day of December 2020, the Defendant provided written notice to the Plaintiff that the Co-Location Agreement would be terminated within 30 days and subsequently thereafter the Defendant did provide written notice to the Plaintiff declaring the party to be in default of the contractual relationship between the parties based upon a claim of non-payment for management

services by which the Defendant invoiced the Plaintiff in the amount of $19,399.10; and,

16. By email dated December 29, 2020, Defendant unilaterally terminated the Co-Location Agreement and the operation of Plaintiff's equipment effective December 31, 2020 in intentional and willful default by Defendant of Defendant's obligations under the Co-Location Agreement.

17. By written notice and by email the Defendant is attempting to claim the right to seizure of all computing equipment, hardware, and software on the basis that should payment for management services not be received by the 31st day of January, 2021 the Defendant is entitled to reclamation of the equipment despite (i) such equipment having already been paid for in full by the Plaintiff separate and apart from the Co-Location Master Services Agreement negotiated independently by and between the parties for the management of the datacenter and (ii) Plaintiff's prepayment for services under the Co-Location Agreement; and,

18. Defendant is failing to act in Good Faith and Clean Hands toward the intention of the relationship between the parties so as to unjustly enrich its own interests at the expense of the Plaintiff.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

19. Plaintiff realleges every allegation of the complaint; and,

20. Defendant is in breach of the Sale Agreement by failing and refusing to pay the credit for the defective equipment or, in the alternative, to replace defective equipment at Defendant's cost; and,

21. Plaintiff has been damaged by Defendant's breach of the Sale Agreement and does hereby demand all such damages.

22. Defendant is in breach of the Co-Location Agreement by willfully and intentionally failing to continuously operate Plaintiff's equipment and provide other services required thereunder causing Plaintiff to lose profits and incur additional expenses; and,

23. Plaintiff has been damaged by Defendant's breach of the Co-Location Agreement and does hereby demand all such damages.

**SECOND CLAIM FOR RELIEF**

**(Breach of the Covenant of Good Faith and Fair Dealing)**

24. Plaintiff realleges every allegation of the complaint; and,

25. There is in every contract an implied warranty of good faith and fair dealing; and,

26. The delivery of 147 defective units and refusal to honor contractual remedies reveals the bad faith of the Defendant, and subjects Defendant to tort damages for breaching the covenant of good faith and fair dealing; and,

27. Plaintiff has been damaged by Defendant's breach of the implied warranty of good faith and fair dealing and does hereby demand all such damages; and,

28. Defendant's willful and intentional actions to cease the operation of Plaintiff's equipment reveals the bad faith of the Defendant, and subjects Defendant to tort damages for breaching the covenant of good faith and fair dealing; and,

29. Plaintiff has been damaged by Defendant's breach of the implied warranty of good faith and fair dealing and does hereby demand all such damages.

**WHEREFORE** the Plaintiff respectfully prays of the Court as follows:

1. That the Court find this complaint to be well taken; and,
2. That the Court awards damages as is set forth above; and,
3. That the Court issue an immediate Order restraining the Defendant from the seizure or other interference in the operation of any and all computing equipment, hardware, and software from the datacenter hereinabove identified and granting Plaintiff full and complete control in and over Plaintiff's equipment; and,
4. That the Court issue an immediate Order restraining any third party acting on behalf of the Defendant albeit not specifically subject to these proceedings from the seizure or other interference in the operation of any and all computing equipment, hardware, and software from the datacenter hereinabove identified; and,
5. That the Court set this matter for hearing at the earliest available opportunity upon the docket of the Court.

So Signed and Dated the _____ day of January, 2021.

***The Law Office of David R. Jordan, P.C.***

/s/ *David R. Jordan*
David R. Jordan
Attorney for Plaintiff
PO Box 840
Gallup, NM 87305-0840
(505) 863-2205
(866) 604-5709 (F)
djlaw919@gmail.com