IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **Blockchain Tek, L.L.C.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. _____ |
| vs. | ) | |
| | ) | |
| **Wattum Management, Inc.** | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF WILLIAM MIDDLETON IN SUPPORT OF APPLICATION FOR A TEMPORARY RESTRAINING ORDER

**NOW COMES WILLIAM MIDDLETON**, being first duly sworn and upon oath does hereby depose and state as follows:

1. I am an authorized representative of the Plaintiff herein; and,

2. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, I make this affidavit in support of the Application for a Temporary Restraining Order; and,

3. Jurisdiction is properly vested in this Court pursuant to 28 U.S.C.A. § 1332; and,

4. We are requesting a temporary restraining order because the Defendant, Wattum Management, Inc. has threatened immediately to seize our property pursuant to a contractual dispute; and,

5. On the 4th day of November 2020 an Agreement for the Sale of Equipment was entered into by and between the parties for the purpose of establishing a computer datacenter located west of the intersection of U.S. Highway 64 and U.S. Highway 491 within the vicinity of Shiprock, New Mexico (the "Sale Agreement", attached to the complaint as Exhibit "A"); and,

1

6. The same parties entered into a "Co-Location Master Services Agreement," effective as of November 5, 2020 (the "Co-Location Agreement", attached Exhibit "B"); and,

7. Under the Co-Location Agreement, Defendant was to provide certain management and equipment hosting services to Plaintiff; and,

8. The Plaintiff did tender $171,270.00 USD to the Defendant in good faith and clean hands with the intention that thereafter the Defendant provide hosting and management services in the operation of the datacenter; and,

9. Upon delivery and installation of the computer equipment by the Defendant for the datacenter, Defendant reported to Plaintiff that approximately 147 of the 495 units were defective with faulty components thereby negating the effective capacity of the datacenter to run at full capacity and profitability; and,

10. Pursuant to the Sale Agreement, Defendant and Plaintiff agreed to the following warranty language: "Seller warrants that the Goods are as described in this Agreement, but no other express warranty is made with respect to the Goods", and the agreement further states that, other than the above warranty, the goods were sold "as is"; and,

11. Further, pursuant to the Sale Agreement, Plaintiff is entitled to either (i) a credit for defective equipment in the amount set forth in the Sales Agreement, or (ii) replacement of such defective equipment by Defendant at Defendant's cost; and,

12. Defendant has refused to pay the credit for the defective equipment or to replace the defective equipment as required by the Sale Agreement; and,

13. Pursuant to the Co-Location Agreement, Plaintiff prepaid to Defendant the sum of $41,088 for management Services and co-location services; and,

14. Defendant submitted an invoice to Plaintiff on December 9, 2020 for $19,399.10 for management and co-location services, which invoice did not reflect the $41,088.00 prepayment by Plaintiff for such services; and,

15. Under paragraph 3.4 of Co-Location Agreement, an invoice is due thirty days after it is submitted by Defendant; and,

16. Notwithstanding the fact that thirty days has not passed since the invoice was tendered, Defendant has declared a default in bad faith and has threatened to seize all of Plaintiff's equipment; and,

17. On the 18th day of December 2020, the Defendant provided written notice to the Plaintiff that the Co-Location Agreement would be terminated within 30 days and subsequently thereafter the Defendant did provide written notice to the Plaintiff declaring the party to be in default of the contractual relationship between the parties based upon a claim of non-payment for management services by which the Defendant invoiced the Plaintiff in the amount of $19,399.10; and,

18. By email dated December 29, 2020, Defendant unilaterally terminated the Co-Location Agreement and the operation of Plaintiff's equipment effective December 31, 2020 in intentional and willful default by Defendant of Defendant's obligations under the Co-Location Agreement.

19. By written notice and by email the Defendant is attempting to claim the right to seizure of all computing equipment, hardware, and software on the basis that should payment for management services not be received by the 31st day of January, 2021 the Defendant is entitled to reclamation of the equipment despite (i) such equipment having already been paid for in full by the Plaintiff separate and apart from the Co-Location Master Services

Agreement negotiated independently by and between the parties for the management of the datacenter and (ii) Plaintiff's prepayment for services under the Co-Location Agreement; and,

20. Defendant is failing to act in Good Faith and Clean Hands toward the intention of the relationship between the parties so as to unjustly enrich its own interests at the expense of the Plaintiff; and,

21. The failure of the Defendant to provide functional equipment without the remedy of warranty is a failure of the Defendant to act in Good Faith and with Clean Hands to which the Plaintiff has resultantly incurred irreparable harm and damage; and,

22. Plaintiff will incur further irreparable harm and damage should the Defendant attempt to act on the bad faith default by and through the wrongful seizure of any and all computing equipment, hardware, and software from the datacenter hereinabove identified; and,

23. That further, your affiant saith naught.

So signed and sworn this __7th__ day of __January__, 2021.

**AFFIANT**

_[signature]_

William Middleton, Authorized Representative
Blockchain Tek, L.L.C.

## NOTARIZATION

State of:     New Mexico         )
                                 ) ss.
County of:    San Juan           )

So signed and sworn before me on this __7th__ day of __January__, 2021.

_[signature]_

**NOTARY PUBLIC**
My Commission Expires: __7/27/22__

_[Notary seal: RELINDA JO..., NOTARY PUBLIC, STATE OF NEW MEXICO]_

4