IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BLOCKCHAIN TEK, LLC,

    Plaintiff,

vs.                                                 Case No. 21-cv-21 MV/GJF

WATTUM MANAGEMENT, INC.,

    Defendant.

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's Complaint and Application for a Temporary Restraining Order ("Complaint") [Doc. 1]. The Court does not find it appropriate to issue a temporary restraining order on an emergency basis but instead will construe Plaintiff's application as one for a preliminary injunction after allowing for briefing from both parties.

Plaintiff commenced the instant action on January 7, 2021 by filing the instant Complaint. Plaintiff seeks an order "temporarily restraining the Defendant from seizing property and equipment, halting the usage of utilities or otherwise interfering in the regular operation and management of the business as defined to be of interest between the parties pursuant to a contractual relationship as established by and between the parties." *Id.* at 1. In support of its Complaint, Plaintiff submits the Affidavit of William Middleton [Doc. 1-2].

This Court is authorized to issue a temporary restraining order "without written or oral notice to the adverse party or its attorney" only if two conditions are met: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be

required." Fed. R. Civ. P. 65(b)(1). Here, Plaintiff has failed to meet either of these requirements. First, neither the Complaint nor the Affidavit sets forth any facts to support Plaintiff's conclusory statement that it will "incur further irreparable harm and damage" if emergency relief is not granted before Defendant can be heard in opposition. Doc. 1-2 ¶ 22. Indeed, the allegations in the Complaint make clear that Plaintiff has been on notice since December 18, 2020 that Defendant intended to terminate its contract. Doc. 1 ¶ 3. Nor has Plaintiff's counsel certified in writing any efforts made to give notice and the reasons why it should not be required. The Court thus finds no grounds to issue an order without providing Defendant with an opportunity to respond.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff must effect service of a copy of this Order, together with Plaintiff's Complaint and Application for a Temporary Restraining Order [Doc. 1], and any attachments thereto, notwithstanding any previous attempts made by Plaintiff to serve Defendants. Proof of any service done pursuant to this Order shall be filed with the Clerk of Court as soon as practicable.

2. If Defendant opposes Plaintiff's request for preliminary relief, a written response shall be filed with the Court and served on Plaintiff in accordance with Local Rule 7.4.

3. Plaintiff's reply, if any, shall be filed with the Court and served on Defendants in accordance with Local Rule 7.4.

4. The Court will set a hearing on this matter if it finds that such a hearing is necessary.

DATED this 13th day of January 2021.

_____
MARTHA VÁZQUEZ
United States District Judge