IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BLOCKCHAIN TEK, LLC,

      Plaintiff,

v.                                                                                    Civ. No. 21-21 MV/GJF

WATTUM MANAGEMENT, INC.,

      Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. Plaintiff filed its Complaint on January 7, 2021. ECF 1. On February 25, 2021, Plaintiff filed a "Notice of Completion of Service of Complaint" ("Notice"), indicating service on Defendant as of February 22, 2021. ECF 6. Although Defendant's answer deadline was March 15, 2021, no answer has been filed. The docket sheet reflects that Plaintiff has taken no other steps to prosecute this action since filing its Notice, whether by seeking entry of default or otherwise.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss *sua sponte* an action for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003); *see also* D.N.M.L.R.-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward."). The Court is also authorized to impose sanctions for Plaintiff's failure to prosecute based on the Court's inherent power to regulate its docket and promote judicial efficiency. *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for failing to prosecute. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005); *see also Sweeney v.*

*Anderson*, 129 F.2d 756, 758 (10th Cir. 1942) ("The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination.").

In addition to the Federal Rules of Civil Procedure, the Court's own Local Rules speak to the issue as well. Specifically, Local Rule 41.1, entitled "Dismissal for Want of Prosecution," provides that "[a] civil action may be dismissed, if for a period of ninety (90) days, no steps are taken to move the case forward." D.N.M.LR-Civ. 41.1. More than ninety days have elapsed since Plaintiff took any step to move this case forward.

**WHEREFORE**, **IT IS ORDERED** that, in order to avoid dismissal of this action, Plaintiff must show good cause in writing not later than June 28, 2021, why this case should not be dismissed for failure to prosecute.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE